## SUCCESSION OF A. BALZARETTI—Opposition of ADÈLE MICHAMP.

The claim of a widow, under the Act of 17th March, 1852, providing a homestead for widows, &c., is not entitled to preference over those who were creditors of the community prior to the passage of the Act.

APPEAL from the District Court of the parish of Natchitoches, *Chaplin* J. *Hamilton & Chaplin,* for opponent and appellee. *J. B. Smith* and *H. Safford,* for administrator and appellant.

SPOFFORD, J. *Antonio Balzaretti* died in November, 1853, leaving an insolvent estate and a widow and children in necessitous circumstances.

One *Louis Dupleix* administered upon the succession.

The opponent, widow of the deceased, on behalf of herself and her minor children, obtained a judgment against the administrator recognizing her right to claim $1000 out of the succession, under the Act of March 17th, 1852, entitled " An Act to provide a homestead for the widows and children of deceased persons," (Sess. Acts, p. 171,) other creditors of the succession were parties to that suit.

Subsequently, the administrator filed an account and tableau, upon which it appears that the claim of the widow was postponed to those of divers creditors whose claims were sufficient to absorb the estate, upon the ground that their debts were contracted before the passage of the Act of March 17th, 1852.

The widow opposed the homologation of the tableau, and claimed a priority over all the creditors except those who had incurred expenses for the sale of the property; this opposition was sustained by the District Judge, and the creditors generally have appealed.

The court erred in disturbing the classification upon the administrator's tableau, to the prejudice of the appealing creditors.

In the *succession of Taylor*, 10 An. 509, we held that the Statute of March 17th, 1852, should not be so construed as to have a retroactive effect and to oust the claims of *bonâ fide* creditors before the passage of the Act. The language of the Statute does not require such a construction; and, unless the obvious meaning of this language imperatively demands it, we should not presume that our lawgiver intended to subvert, at once, the rules of logic and of justice.

This interpretation of the statute, to which we still adhere, renders it unnecessary to inquire whether it was competent for the Legislature, under the Constitution, to enact a law which would override and defeat the claims of anterior creditors upon the property of their debtor, by introducing a retrospective privilege.

The appealing creditors are not concluded by the judgment obtained by the widow *Adèle Michamp* against the administrator; they were not parties to the proceedings. That judgment did not settle the rank of the creditors *inter se*. That is done upon a tableau of distribution. *Succession of Day*, 2 An. 896.

There is evidence in the record that the requisite notices were published.

It is, therefore, ordered that the judgment of the District Court be reversed, and it is ordered; adjudged and decreed that the opposition of *Adèle Michamp*, widow and tutrix, to the account and tableau of distribution filed by *Louis Dupleix*, administrator, be overruled, and that the said account and tableau be homologated and confirmed, the cost of the opposition and of this appeal to be paid by opponent and appellee.